<u>NOT FOR PUBLICATION</u>

### UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES MINERAL PRODUCTS COMPANY, d/b/a ISOLATEK INTERNATIONAL,<br><br>Plaintiff,<br><br>v.<br><br>T-MAR CONSTRUCTION, INC., d/b/a MARTIN CORPORATION,<br><br>Defendant. | **Civil Action No. 09-5895 (SRC)**<br><br>**OPINION** |

<u>**CHESLER**</u>, District Judge

      This matter comes before the Court on Defendant's motion to transfer venue pursuant to 28 U.S.C. § 1404(a) [docket entry 4]. Plaintiff has opposed the motion. The Court has opted to rule based on the papers submitted and without oral argument, pursuant to Federal Rule of Civil Procedure 78. For the reasons expressed below, the Court will deny Defendant's motion.

### I.    BACKGROUND

      This dispute concerns the alleged failure of a product manufactured and sold by Plaintiff United States Mineral Products Company d/b/a Isolatek International ("Plaintiff" or "USM") in connection with application of the product by Defendant T-Mar Construction, Inc. d/b/a Martin Corporation ("Defendant" or "Martin") as part of a hospital expansion project at a University of

California facility in La Jolla, California (the "Hospital Project"). Plaintiff is a Delaware corporation with its principal place of business in Stanhope, New Jersey. Defendant is a California corporation with its principal place of business in California.

Beginning in or about January 2009, Martin, a subcontractor on the Hospital Project, purchased certain spray-applied fire resistant materials ("SFRMs") from Plaintiff through a series of invoices. It applied the product and, at some time thereafter, became aware of problems arising from the alleged failure of the SFRMs, including delamination, cracking and slow drying of the product. USM and Martin communicated regularly regarding the application of the product, both before and after the problems arose, and USM was made aware of the problems. USM and Martin disagreed as to the cause of the problems, the former taking the position that they were attributable to Martin's improper application of the SFRMs and the latter asserting that the SFRMs had failed due to product defect. These problems apparently required significant remediation. On October 1, 2009, Martin demanded that USM pay $700,000 to compensate for Martin's loss in connection with replacing the SFRMs, and at some other time also informed USM that it would seek reimbursement of any damages, totaling at least $400,000, it may face in anticipated claims by contractors on the Hospital Project.

On or about October 15, 2009, USM filed a declaratory judgment action in New Jersey state court. The Complaint contains one count, seeking a declaration that USM bears no liability for any costs arising from Martin's repair and/or replacement of the SFRMs in the Hospital Project. Defendant removed the action to this Court on the basis of diversity jurisdiction, 28 U.S.C. § 1332(a), and shortly thereafter filed the instant motion to transfer venue to the United States District Court for the Southern District of California.

**II.    DISCUSSION**

In federal court, transfer of venue is governed by two statutes: 28 U.S.C. § 1404(a) and 28 U.S.C. § 1406.  "Section 1404(a) provides for the transfer of a case where both the original and the requested venue are proper. Section 1406, on the other hand, applies where the original venue is improper and provides for either transfer or dismissal of the case." Jumara v. State Farm Ins. Co., 55 F.3d 873, 878 (3d Cir.1995).  In this case, Martin moves to transfer pursuant to 28 U.S.C. § 1404(a).  That provision states: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a).  The party moving for a transfer of venue bears the burden of demonstrating that the balance of private and public factors weighs strongly in favor of transfer.  Gulf Oil Co. v. Gilbert, 330 U.S. 501, 508 (1947); Jumara, 55 F.3d at 879. "The burden is not on the plaintiff to show that the proposed alternative forum is inadequate. On the contrary, the burden is on the moving party to show the proposed alternate forum is not only adequate but also more convenient than the present forum." Ricoh Co., Ltd. v. Honeywell, Inc., 817 F.Supp. 473, 480 (D.N.J.1993) (citations omitted).

The Third Circuit has held that "[s]ection 1404(a) transfers are discretionary determinations made for the convenience of the parties and presuppose that the court has jurisdiction and that the case has been brought in the correct forum." Lafferty v. St. Riel, 495 F.3d 72, 76-77 (3d Cir. 2007).  In exercising its discretion, the transferor court must evaluate whether a venue transfer would further the goals of § 1404(a), which are "to prevent the waste of time, energy and money and to protect litigants, witnesses and the public against unnecessary

3

inconvenience and expense . . . ." Van Dusen v. Barrack, 376 U.S. 612, 616 (1964).  This evaluation calls for this Court to balance various private and public interests related to the transfer.  Jumara, 55 F.3d at 879.  In Jumara, the Third Circuit provided a list of factors a district court should consider.  The private interest factors are: (1) plaintiff's forum preference as manifested in the original choice; (2) the defendant's preference; (3) whether the claim arose elsewhere; (4) the convenience of the parties as indicated by their relative physical and financial condition; (5) the convenience of the witnesses (only to the extent that the witnesses may actually be unavailable for trial in one of the fora; and (6) the location of books and records (only to the extent that the files could not be produced in the alternative forum)."  Id.  The public interest factors are: (1) the enforceability of the judgment; (2) practical considerations that could make the trial easy, expeditious, or inexpensive; (3) the relative administrative difficulty in the two fora resulting from court congestion; (4) the local interest in deciding local controversies at home; (5) the public policies of the fora; and (6) the familiarity of the trial judge with the applicable state law in diversity cases.  Id. at 879-80.

This case presents the Court with a contractual forum selection clause, set forth in the Terms and Conditions of Sale printed on invoices through which Martin purchased the SFRMs from USM.  USM relies heavily on the forum selection clause in arguing that Martin cannot demonstrate that New Jersey is an unreasonably inconvenient forum.  The clause in the invoices states: "Should litigation become necessary, the Buyer [Martin] agrees to a change of venue at the discretion of the Seller [USM]." (Bartell Cert., Ex. C.)  The Supreme Court has held that in a federal case grounded in diversity jurisdiction, it is federal law - and particularly section 1404(a) - which governs the district court's enforcement of the forum selection clause in deciding

whether to transfer venue. Stewart Org., Inc. v. Ricoh Corp., 487 U.S. 22, 32 (1988). Thus, the Court must consider this clause within the rubric of the multi-factored analysis the Third Circuit articulated in Jumara.

Though a forum selection clause is not dispositive of the question of whether a transfer of venue under section 1404(a) is warranted, it is nevertheless typically given significant weight in the analysis. Id. at 29-31; Jumara, 55 F.3d at 880. Martin argues that the ambiguity of the clause militates against its enforcement, while USM counters that Martin has not made the "strong showing" of fraud, influence or undue bargaining power required to invalidate the clause. M/S Bremen v. Zapata Off-Shore Co., 407 U.S. 1, 12-13 (1972) (holding that party challenging forum selection clause must prove the existence of "fraud, influence or overweening bargaining power"). This Court need not make any finding as to the enforceability of the above-quoted clause in the parties' sales invoices to decide this motion to transfer. Even assuming it is a valid forum selection clause, it is neither dispositive of this section 1404(a) motion nor, on the facts of this case, does it carry any significant weight with regard to the required balancing of factors. The Court finds that the language of the forum selection clause at issue negates the rationale for affording such clauses preferential treatment in balancing the relative convenience of two competing fora under section 1404(a). The Third Circuit has explained that rationale as follows: "Within this framework, a forum selection clause is treated as a manifestation of the parties' preferences as to a convenient forum. Hence, within the framework of § 1404, Congress 'encompasse[d] consideration of the parties' private expression of their venue preferences.'" Jumara, 55 F.3d at 880 (quoting Stewart, 487 U.S. at 29-30)). In this case the clause does not manifest the parties' choice of New Jersey as the venue in which to proceed with any litigation

5

that should arise in regard to the SFRMs purchased by Martin pursuant to the invoices.  Rather, it merely expresses that Martin will agree to USM's venue selection (literally, a "change of venue" at USM's discretion), be that New Jersey or presumably any other jurisdiction where Martin may be subject to *in personam* jurisdiction.  Such an agreement hardly evidences an expression of the parties' own evaluation of the most convenient forum, and thus the Court does not find it worthy of any significant consideration in evaluating whether New Jersey or the proposed alternative forum, the Southern District of California, is the proper venue for this suit to proceed.

Even so, the balance of Jumara's private and public interest factors does not weigh strongly in favor of transfer, and thus the motion must be denied.

The private factors favor keeping the case in New Jersey, where Plaintiff USM chose to bring suit.  While Martin prefers that the suit proceed in California, Plaintiff USM, which has its principal place of business in Stanhope, New Jersey, has chosen its home state as the forum.  USM's choice is therefore entitled to great weight.  See Lony v. E.I. Dupont de Nemours & Co., 886 F.2d 628, 633 (3d Cir.1989) (reversing dismissal for forum non conveniens); Ricoh Co. Ltd., 817 F.Supp. at 480; cf. Piper Aircraft Co. v. Reyno, 454 U.S. 235, 256 (1981) (holding, on motion to dismiss on grounds of forum non conveniens, that plaintiff's forum choice deserves less deference when he has not chosen his home forum).  In the Third Circuit, a plaintiff's choice of forum is a "paramount concern" in deciding a motion to transfer venue. When a plaintiff chooses his home forum, the choice is "entitled to greater deference." Ricoh Co., Ltd., 817 F.Supp. at 480 (quoting Sandvik, Inc. v. Continental Ins. Co., 724 F.Supp. 303, 307 (D.N.J. 1989)).

Moving on to the next factor, it appears from the facts presented to the Court that the claim did arise in California. The "locus of the alleged culpable conduct" determines the place where the claim arose. Van Cauwenberghe v. Biard, 486 U.S. 517, 529 (1988). Though USM has argued that the action is governed by the sale transaction involving the subject SFRMs, and that this contractual activity centered around New Jersey, the case appears to revolve around the failure of the SFRMs. Their application by Martin, failure and manner in which the failure was detected, and impact on the overall Hospital Project took place in California. Moreover, Martin has stressed that its dispute with USM concerns the allegedly defective manufacture of the product, not its design, and there is no indication that the subject product was manufactured in New Jersey.

The convenience of the parties constitutes a neutral factor, and indeed movant Martin concedes that its financial condition permits it to litigate in New Jersey. It also concedes that the location of books and records is not of particularly significance to this venue transfer analysis.

Finally, as for the convenience of witnesses - a factor that the parties dispute strongly - Martin has not shown that proceeding in New Jersey is likely to result in serious inconvenience for witnesses who will be unable or unavailable to testify in this forum. See Jumara, 55 F.3d at 879 (noting that convenience of witnesses is a factor to be considered "only to the extent that the witnesses may actually be unavailable for trial in one of the fora."). Martin identifies various "key witnesses" who reside in California and are not under the control of the parties to this action and/or subject to the subpoena power of the Court. According to the December 15, 2009 certification submitted by Martin's vice-president, these non-party witnesses include individuals associated with other groups involved in the Hospital Project, such as the general contractor,

building owner University of California and project inspectors, who can give testimony regarding the "performance failure of the product and the coordination of efforts to remediate." (12/15/09 Hamilton Cert., ¶ 4.) He also identifies the architect and engineer as witnesses regarding the "architectural and structural design elements of the building." (Id.) Even assuming that these witnesses are not available for trial in New Jersey, Martin fails to persuade the Court that their unavailability militates in favor of transfer.[1] This factor in the venue transfer analysis requires the Court to take into consideration the substance of the dispute and what bearing the testimony of such unavailable witnesses will have on the prosecution or defense of the claims. Van Cauwenberghe, 486 U.S. at 528. The Supreme Court has held:

> To examine "the relative ease of access to sources of proof," and the availability of witnesses, the district court must scrutinize the substance of the dispute between the parties to evaluate what proof is required, and determine whether the pieces of the evidence cited by the parties are critical, or even relevant, to the plaintiff's cause of action and to any potential defenses to the action.

Id. (reviewing denial of motion to dismiss on forum non conveniens grounds and quoting Gulf Oil, 330 U.S. at 508). Here, many of the purportedly unavailable witnesses would have nothing unique or essential to offer. Information concerning the performance failure of the SFRMs and

---

[1] In this regard, the Court notes the mootness of USM's motion on short notice to strike paragraph 7 of the February 8, 2010 Reply Certification of Michael W. Hamilton [docket entry 14]. Paragraph 7 asserts that "most, if not all of the third-party witnesses who reside in California . . . will be unwilling to travel over 3,000 miles to New Jersey to provide trial testimony in this case . . ." USM moved to strike this paragraph on the grounds that this statement, concerning the third-party witnesses' unavailability, is not within the personal knowledge of Mr. Hamilton. See L. Civ. R. 7.2(a) (providing that "affidavits shall be restricted to statements of fact within the personal knowledge of the affiant"); Fowler v. Borough of Westville, 97 F.Supp.2d 602, 607 (D.N.J. 2000) (holding court may disregard statements in affidavit which are not based on personal knowledge). Because the Court finds that the convenience of witnesses factor weighs against transfer regardless of the third-party witnesses' availability, it need not reach the motion to strike filed by USM.

remediation efforts may be provided by employees of Martin itself, and indeed the certification also identifies officers and supervisors, a fireproofing superintendent, product applicators, Hospital Project foreman, Hospital Project manager, and others employed by Martin who can offer testimony on these subjects. As to the building design, it is difficult to see how this information is particularly relevant or critical to the dispute, which according to Martin, regards the allegedly defective manufacture of the SFRMs. Martin also argues that some witnesses concerning product analysis would be unavailable, but the Court fails to see how such evidence does not come within the purview of expert testimony.

Turning to the public factors, the Court concludes that they do not favor transfer. Martin concedes that most of them - enforceability of judgment, relative administrative difficulty, fora's public policy and familiarity of trial judge with applicable state law - bear no significance in the analysis. The Court, too, perceives them to be neutral factors. Practical considerations do not strongly favor California over New Jersey. The parties have identified materials and witnesses located in both of the competing fora. As for the interest in deciding local controversies, California may have a greater interest in deciding a controversy which affected a construction project on one of the hospital facilities belonging to the state's public university, but New Jersey also has an interest in adjudicating a dispute involving a product manufactured and sold by one of its home-state businesses.

Martin, in short, has failed to carry that burden of demonstrating that the proposed alternative forum is more convenient than the one chosen by Plaintiff USM. Based on the facts and arguments presented, the Court finds that a transfer would merely shift the inconvenience of litigating in a particular forum from one party to the other. This is not an appropriate basis for

the Court to exercise its discretion under 28 U.S.C. § 1404(a) and order a transfer of this action to the Southern District of California.  Park Inn Int'l, L.L.C. v. Mody Enterprises, Inc., 105 F.Supp.2d 370, 378 (D.N.J. 2000) (denying motion to transfer venue, finding that substituting one party's inconvenience for the other's did not justify transfer); see also Gulf Oil, 330 U.S. at 508. ("unless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed.")

### III.  CONCLUSION

For the foregoing reasons, the Court in its discretion denies Martin's motion to transfer this action to the Southern District of California pursuant to 28 U.S.C. § 1404(a).  Additionally, for the reasons expressed in footnote 1 of this Opinion, the Court will dismiss USM's motion to strike as moot.  An appropriate form of Order will be filed.

          s/Stanley R. Chesler
          STANLEY R. CHESLER
          United States District Judge

DATED: February 23, 2010